**BROWN KWON & LAM, LLP**
Clara Lam, Esq. (CL6399)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIGUEL BURGOS,<br>*on behalf of himself and others similarly situated,*<br><br>**Plaintiff,**<br><br>- against -<br><br>JAJ CONTRACT FURNITURE INC., and JAMONE COUNCIL,<br><br>**Defendants.** | Case No: 7:23-cv-3739<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff MIGUEL BURGOS ("Plaintiff"), by and through his undersigned attorneys, hereby files this Collective and Class Action Complaint against Defendants, JAJ CONTRACT FURNITURE INC., (the "Corporate Defendant"), and JAMONE COUNCIL (the "Individual Defendant," and together with Corporate Defendant, "Defendants") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself and similarly situated employees who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid wages, (4)

1

reimbursement for illegal wage deductions, (5) liquidated damages, and (6) attorneys' fees and costs.

2. Plaintiff also brings this action on behalf of himself and similarly situated employees pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid wages, (4) reimbursement for illegal wage deductions, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Thiss Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff*

***MIGUEL BURGOS***

7. Plaintiff is an adult who resides in Bronx County, New York.

8. Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9. Plaintiff retained Brown Kwon & Lam, LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

## *Defendants*

10. At all relevant times, Defendants owned and operated a custom furniture company that manufactures and supplies custom furniture for commercial businesses.

11. At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

12. At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

13. At all relevant times, Defendants were and continue to be an employer within the meaning of the FLSA and NYLL.

## *JAJ CONTRACT FURNITURE INC.*

14. Corporate Defendant JAJ CONTRACT FURNITURE INC. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 130B Anderson Avenue, Mount Vernon, New York 10550, and an address for service of process located at c/o Jamone Council, 1666 Bell Boulevard, Apt. 726, Bayside, New York 11360.

15. At all relevant times, JAJ CONTRACT FURNITURE INC. has done business as JAJ Contract Furniture Inc.

16. At all relevant times, JAJ CONTRACT FURNITURE INC. had an annual dollar volume of sales in excess of $500,000.

17. JAJ CONTRACT FURNITURE INC. is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

18. At all relevant times, JAJ CONTRACT FURNITURE INC. has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

19. At all relevant times, JAJ CONTRACT FURNITURE INC. is listed as the payor on pay stubs and wage statements received by employees of Defendants.

*JAMONE COUNCIL*

20. At all relevant times, Individual Defendant JAMONE COUNCIL has been an owner and operator of JAJ Contract Furniture Inc.

21. At all relevant times, JAMONE COUNCIL has been the President of Corporate Defendant JAJ CONTRACT FURNITURE INC.

22. At all relevant times, JAMONE COUNCIL has had the power to (i) fire and hire employees, (ii) set their work schedules, (iii) determine their rate and method of pay, and (iv) otherwise control the terms and conditions of their employment at JAJ Contract Furniture Inc.

23. At all relevant times, JAMONE COUNCIL has had the power to hire, fire, supervise, and control the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at JAJ Contract Furniture Inc.

24. At all relevant times, JAMONE COUNCIL has had the power to maintain employment records, including time and/or wage records of employees at JAJ Contract Furniture Inc.

25. At all relevant times, JAMONE COUNCIL has been actively involved in managing the day to day operations of JAJ Contract Furniture Inc.

26. At all relevant times, JAMONE COUNCIL has had authority over personnel or payroll decisions and employment policies, practices and procedures at JAJ Contract Furniture Inc.

27. At all relevant times, JAMONE COUNCIL has had the power to prevent or stop any unlawful pay practices that harmed Plaintiff and similarly situated employees.

28. JAMONE COUNCIL is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current and former non-exempt employees employed as laborers at JAJ Contract Furniture Inc., owned, operated, and/or controlled by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

30. At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure (i) to pay Plaintiff and FLSA Collective Members their full wages for all hours worked and for (ii) improper wage deductions. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

31. All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

32. Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

33. Defendants are aware or should have been aware that federal law prevents improper wage deductions.

34. For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

35. Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former non-exempt employees employed as laborers at JAJ Contract Furniture Inc., owned, operated, and/or controlled by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

36. Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

37. The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also

determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

38. The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

39. Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

40. Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay minimum wages, (ii) failing to pay overtime wages, (iii) taking improper wage deductions, (iv) failing to provide proper wage notices, and (v) failing to provide proper wage statements, in violation of the NYLL.

41. Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

42. Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

43. Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

44. Plaintiff are represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

45. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

46. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class

Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

48. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

49. Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

   a. Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

   b. Whether Defendants paid Plaintiff and Class Members at the lawful minimum wage rate;

   c. Whether Plaintiff and Class Members worked hours for which they were not compensated;

   d. Whether Plaintiff and Class Members worked hours in excess of forty hours per week;

   e. Whether Defendants paid Plaintiff and Class Members their overtime premium for all overtime hours worked; and

   f. Whether Defendants claimed improper wage deductions from Plaintiff and Class Members.

**STATEMENT OF FACTS**

50. On or about March 4, 2019, Plaintiff was employed by Defendants as a laborer, performing carpentry duties such as sanding chairs, and driving the delivery truck. Plaintiff continues to work for Defendants.

51. From on or about March 4, 2019 until in or around March 2020, Plaintiff regularly worked from 7:00am to 3:30pm, for five (5) days per week, working forty (40) hours per week. Plaintiff regularly worked with a 30 minute meal break. During this period, approximately every other week, Plaintiff worked an additional day. During those weeks, Plaintiff would work approximately forty-eight (48) hours per week. At all relevant times, Plaintiff and similarly situated employees were required to work similar hours with a 30 minute meal break per workday.

52. From in or around April 2020 through in or around July 2020, Plaintiff regularly worked approximately twenty (20) to thirty (30) hours per week on an as needed basis due to business disruption from the COVID-19 Pandemic lockdown. At all relevant times, Plaintiff and similarly situated employees worked similarly reduced hours.

53. From in or around August 2020 through the present, Plaintiff was scheduled to work and worked at least from 7:00am to 3:30pm, for five (5) days per week, working at least forty (40) hours per week. Plaintiff regularly worked with a 30 minute meal break. At all relevant times, Plaintiff would work up to approximately eight (8) additional overtime hours per week. At all relevant times, Plaintiff and similarly situated employees were required to work similar hours and regularly worked over forty (40) hours per week.

54. From on or about March 4, 2019 through December 2020, Plaintiff was compensated on a straight-time basis at a rate of $7.50 per hour, for all hours worked. Plaintiff and similarly situated employees were similarly compensated at rates below the prevailing minimum wage rate, and similarly compensated on a straight-time basis. When Plaintiff confronted Individual Defendant JAMONE COUNCIL regarding the illegal minimum wage rate, Individual Defendant JAMONE COUNCIL responded that Mount Vernon was outside of New York City, and subject to a different minimum wage rate. However, $7.50 per hour in 2019 and 2020 were

below even that of the prevailing minimum wage rate for the County of Westchester, which was $12.00 per hour for the calendar year of 2019 and $13.00 per hour for the calendar year of 2020.

55. From in or around January 2021 through December 2022, Plaintiff was compensated on a straight-time basis at a rate of $14.50 per hour, for all hours worked. Plaintiff and similarly situated employees were similarly compensated, and similarly compensated on a straight-time basis.

56. For the employment period from on or about March 4, 2019 through the end of December 2022, Defendants deducted wages under the pretext of withholding wages to pay taxes on the behalf of Plaintiff and similarly situated employees. However, at all relevant times during this period, Defendants retained those wage deductions for themselves as Plaintiff and similarly situated employees were issued an IRS Form 1099, instead of an IRS Form W2. Plaintiff and similarly situated employees were required to pay taxes based on the IRS Form 1099 provided by Defendants. As such, throughout this period, Defendants took improper wage deductions with regards to Plaintiff's and similarly situated employees' wages. With respect to Plaintiff, Defendants improperly deducted approximately $82-$86 dollars per week.

57. Furthermore, for all relevant workweeks in 2020, Defendants' improper wage deductions reduced Plaintiff's and similarly situated employees' wages to a derived hourly rate of less than even the federal minimum wage rate of $7.25 per hour.

58. On at least one occasion, in or around February 2020, Plaintiff asked Individual Defendant why Defendants were deducting their wages when they received an IRS Form 1099. Individual Defendant responded "why didn't you say nothing," as if the improper wage deductions were an oversight, but Defendants never reimbursed Plaintiff or similarly situated employees for the improper wage deductions.

59. From in or around 2019 through the end of 2022, Plaintiff and similarly situated employees were at all times employees and not independent contractors for the following factors:

   a. Plaintiff and similarly situated employees were an integral part of JAJ Contract Furniture Inc.'s business of making and delivering custom furniture to commercial businesses. Plaintiff and similarly situated employees worked as manual laborers on Defendants' premises for the production of Defendants' custom furniture. Plaintiff and similarly situated employees worked under the instruction of Defendants.

   b. Plaintiff's and similarly situated employees' duties were assigned to them by Defendants.

   c. With the exception of extenuating circumstances during the initial Covid-19 Pandemic lockdown, Plaintiff and similarly situated employees were required to work full-time hours set by Defendants, working a minimum of at least forty (40) hours per week. During the initial Covid-19 Pandemic lockdown, Plaintiff and similarly situated employees worked on a part-time basis as instructed by Defendants.

   d. Plaintiff and similarly situated employees worked for Defendants for an extended period. Plaintiff worked for Defendants for over four years and continues to work for Defendants. Similarly situated employees have similar permanent relationships.

   e. Plaintiff and similarly situated employees did not invest in facilities or equipment. Defendants provide the workspace, tools and equipment, delivery trucks, and all other operating costs and expenses.

f. Defendants exercised a great deal of control over Plaintiff and similarly situated employees, including providing them with instructions regarding the blueprint designs Defendants wanted them to manufacture. Plaintiff and similarly situated employees were directly supervised by Individual Defendant and received feedback from Individual Defendant regarding their work performance. Plaintiff and similarly situated employees were not highly skilled laborers and Defendants are able to easily find new employees to fill their positions.

g. Plaintiff and similarly situated employees had no opportunity for profit or loss as they had no decision-making opportunity. Plaintiff and similarly situated employees were paid on an hourly basis for their manual labor.

h. Starting in 2023, Defendants provided Plaintiff and similarly situated employees with an IRS Form W4 to sign. Other than an increase in the hourly rate, there were no other changes to the conditions and terms of Plaintiff's and similarly situated employees' employment with Defendants.

60. Starting from January 2023, Plaintiff was compensated at $17.50 per hour for all hours worked up to forty (40) hours per week and at an overtime rate of $26.25 for all overtime hours worked. Other similarly situated employees were similarly compensated.

61. In the beginning of Plaintiff's employment with Defendants, Defendants used a punch card system for time keeping. During his employment with Defendants, Defendants transitioned to using a fingerprint punch system for time keeping.

62. At all relevant times, Plaintiff and similarly situated employees did not receive a proper notice of pay rate or pay day from Defendants, as required under the NYLL.

63. At all relevant times, Plaintiff and similarly situated employees did not receive proper wage statements from Defendants, in violation of the NYLL.

64. At all relevant times, Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff and similarly situated employees, in violation of the FLSA and NYLL.

65. Defendants knowingly and willfully operated their business with a policy of failing to pay wages of at least the prevailing New York State minimum wage rate, in violation of the NYLL.

66. At all relevant times, Defendants knowingly and willfully operated their business with a policy of failing to pay wages of at least the prevailing federal minimum wage rate, in violation of the FLSA.

67. At all relevant times, Defendants knowingly and willfully operated their business with a policy of failing to pay the full and proper overtime wages at a rate not less than time and one-half their regular rate of pay for all hours worked in excess of forty (40) per workweek to Plaintiff and similarly situated employees, in violation of the FLSA and NYLL.

68. At all relevant times, Defendants were aware or should have been aware that Plaintiff and similarly situated employees regularly worked more than forty (40) hours per workweek yet failed to pay overtime compensation for hours worked over forty (40) in a workweek.

69. At all relevant times, Defendants knowingly and willfully operated their business with a policy of illegally deducting wages from Plaintiff and similarly situated employees, in violation of the FLSA and NYLL.

70. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and similarly situated employees pursuant to the requirements of the NYLL.

71. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and similarly situated employees pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIM

### COUNT I

### FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE MEMBERS
*(Violation of the Fair Labor Standards Act)*

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

74. Defendants failed to pay Plaintiff and FLSA Collective Members the minimum wage for all hours worked up to forty (40) per workweek, and overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

75. At all times relevant, Defendants took improper wage deductions from Plaintiff and the FLSA Collective Members.

76. At all times relevant, Defendants failed to pay Plaintiff and FLSA Collective Members the full and proper wages for all hours worked.

77. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

78. Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful minimum wage and overtime wages for all hours worked when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

79. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

80. As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied minimum wage and overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

81. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

# COUNT II

## SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF AND THE CLASS
### (*Violation of the New York Labor Law*)

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been an employer of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

84. At all times relevant, Defendants failed to pay Plaintiff and the Class proper overtime premium for all hours worked in excess of forty (40) hours per workweek.

85. At all times relevant, Defendants failed to pay Plaintiff and the Class wages of at least the prevailing New York State minimum wage rate for all hours worked up to forty (40) in a workweek.

86. At all times relevant, Defendants took improper wage deductions from Plaintiff and the Class.

87. At all times relevant, Defendants failed to pay Plaintiff and the Class the full and proper wages for all hours worked.

88. Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

89. Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

90. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Class as required by the NYLL and the supporting New York State Department of Labor Regulations.

91. Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

92. As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, reimbursement for improper wage deductions, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. Certification of this case as a class action pursuant to Rule 23;

c. Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d. An award of unpaid overtime wages due under the FLSA and NYLL;

e. An award of unpaid minimum wages due under the FLSA and NYLL;

f. An award of unpaid wages due under the FLSA and NYLL for improper wage deductions;

g. An award of liquidated damages as a result of Defendants' willful failure to pay proper wages, pursuant to the FLSA and NYLL;

h. Statutory penalties for Defendants' failure to provide proper wage notices, as required by the NYLL;

i. Statutory penalties for Defendants' failure to provide proper wage statements, as required by the NYLL;

j. Pre-judgment and post-judgment interest;

k. Reasonable attorneys' fees and costs of this action;

l. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

m. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 3, 2023                                  Respectfully submitted,

**BROWN KWON & LAM, LLP**

By:     */s/ Clara Lam*

Clara Lam, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
clam@bkllawyers.com
*Attorneys for Plaintiff*