**BROWN KWON & LAM LLP**

Brown Kwon & Lam LLP
Attorneys at Law
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
Email: info@bkllawyers.com

Writer's Direct:  clam@bkllawyers.com
(212) 295-5827

September 4, 2024

**Via ECF**
Hon. Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      Re:   *Burgos v. JAJ Contract Furniture Inc., et al.*
              Case No. 7:23-cv-3739 (KMK)(VR)

Dear Judge Karas,

      This firm represents MIGUEL BURGOS ("Plaintiff) in the above-referenced matter. We write to respectfully request judicial approval of the parties' Fair Labor Standards Act ("FLSA") settlement agreement, attached hereto as **Exhibit A** (the "Settlement Agreement"), and subsequent dismissal of the matter with prejudice. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Pursuant to the Court's Order on August 14, 2024, the parties revised the release provision and are reapplying for approval of the Settlement Agreement. *See* Dkt. No. 35. The herein parties copied the release language in the settlement agreement approved by Your Honor in *Farez v. JGR Servs.* and used the same release language in *Farez* in the herein Settlement Agreement. 2023 U.S. Dist. LEXIS 227701, Case No. 7:21 Civ. 8205(KMK)(S.D.N.Y. Dec. 21, 2023). All other provisions of the Settlement Agreement remain the same as was previously submitted and reviewed by Your Honor.

      The Settlement Agreement resolves Plaintiff's claims pursuant to the FLSA and New York Labor Law ("NYLL") for the total amount of $30,000.00. As part of this motion, Plaintiff's counsel requests one-third (1/3) in attorneys' fees ($9,866.00) plus costs ($402) from the total settlement amount.

      Here, the parties submit that the terms of their proposed Settlement Agreement for Plaintiff's wage and hour claims is now fair, reasonable, and adequate. For the reasons outlined below, the Court should approve this $30,000.00 settlement as a fair, reasonable, and adequate compromise of Plaintiff's wage and hour claims against Defendants.

## BACKGROUND

      On May 3, 2023, Plaintiff filed the above-referenced matter as a class and collective action, alleging claims for unpaid wages, among others, pursuant to the Fair Labor Standards Act, as

amended ("FLSA") and the New York Labor Law ("NYLL"). On or about October 9, 2023, the Court So Ordered the parties' proposed stipulation and order for conditional collective certification. The deadline for all opt-in plaintiffs to opt-in and participate in the lawsuit was January 2, 2024. No opt-in plaintiffs have filed their consent to opt-in to the lawsuit. The parties have otherwise been engaged in discovery, as well as settlement discussions. On or about February 13, 2024, the parties reached a settlement in principle. On or about March 21, 2024, the parties submitted their settlement papers for the Court's approval, but it was denied without prejudice on August 14, 2024.

## **THE SETTLEMENT IS FAIR AND REASONABLE**

Pursuant to *Cheeks*, "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court." *Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "Generally, there is a strong presumption in favor of finding a settlement fair, as the court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Because *Cheeks* itself did not define the contours of the approval analysis or protocols it envisioned, most district courts within our Circuit turn to the multi-factor test set out in *Wolinsky* to evaluate whether an FLSA wage and hour settlement is fair and reasonable." *Cabrera v. CBS Corp.*, No. 17 Civ. 6011, 2019 US Dist LEXIS 20963, at *13 (S.D.N.Y. Feb. 8, 2019) (internal quotation marks omitted).

Accordingly, in determining whether a proposed FLSA settlement is fair and reasonable, courts consider the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335.

Based on the Court's review of the prior settlement agreement and that the parties have since revised the section the Court found to be problematic, the release language of the Settlement Agreement, the proposed settlement should now be approved as fair and reasonable.

    a. <u>Plaintiff's Range of Possible Recovery</u>

The first factor weighs in favor of approval and the Court's prior analysis of this factor also weighs in favor of approval. Dkt. No. 35, at *5-7. Assuming a best-case scenario, Plaintiff's damage liability analysis amounts to $66,334.25, including liquidated and statutory damages. *See* **Exhibit B.** This damage liability analysis assumes that Plaintiff worked an average of forty-four hours per week for all relevant weeks worked, was not compensated his full and proper minimum wage and overtime pay for all relevant weeks worked, and that Plaintiff would prevail on each of his wage-related claims. The damage liability analysis also assumed thirty-five weeks of improper wage deductions.

Based on Plaintiff's damage liability analysis, his total unpaid wages is $26,592.13, an equal amount of $26,592.13 for liquidated damages, an amount of $10,000.00 for statutory

2

damages pursuant to the Wage and Theft Prevention Act, and an amount of $3,150.00 for improper wage deductions.

Here, the total settlement amount is $30,000.00. *See* **Exhibit A.** In Plaintiff's first application for approval of the settlement, the $30,000.00 was originally calculated as an approximate 45% recovery of Plaintiff's best-case scenario. However, in calculating a plaintiffs' percentage recovery, Your Honor "considers only the net payment to Plaintiff, as courts in this district typically 'evaluate the fairness of a plaintiff's recovery after deducting attorney[s'] fees and costs.'" Dkt. No. 35, at *6 (fn.1), quoting *Arango v. Scotts Co.,* LLC, No. 17-CV-7174, 2020 WL 5898956, at *3 (S.D.N.Y. Oct. 5, 2020); *see also Zorn-Hill v. A2B Taxi* LLC, Nos. 19-CV-1058, 18-CV-11165, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020); and *Garcia v. Cloister Apt Corp.*, No. 16-CV-5542, 2019 WL 1382298, at *2 (S.D.N.Y. Mar. 27, 2019). Therefore, Plaintiff's net settlement amount of $19,732.00, represents a recovery of 29.7% of Plaintiffs' best-case scenario, including liquidated and statutory damages.

Your Honor nonetheless found that a 29.7% recovery of Plaintiff's best-case recovery would still be fair and reasonable as it is within range of what is considered reasonable as compared to similar cases. Dkt. No. 35, at *7, citing *Redwood v. Cassway Contr. Corp.*, No. 16-CV-3502, 2017 WL 4764486, at *2 (S.D.N.Y. Oct. 18, 2017)(holding a net settlement of 29.1% of FLSA plaintiffs' maximum recovery is reasonable); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848, 2017 WL 2266874, at *4-5 (S.D.N.Y. May 23, 2017)(approving settlement sum representing 26% of potential damages as reasonable); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531, 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016)(approving settlement amount of less than 25% of the maximum possible recovery).

    b. <u>Litigation Costs and Risks</u>

The second and third factors also favor approval and the Court has previously determined that "[t]he Court is also satisfied, based on the Parties' representations, that the settlement will allow the Parties to avoid the anticipated burdens and risks of litigation," and agrees that Plaintiff potentially faces "multiple challenges that could result in a lower recovery should he move forward." Dkt. No. 35, at *6 (citations omitted).

To date, the parties have engaged in document production. If the parties were to continue litigation, the parties would still need to conduct depositions and meet and confer regarding outstanding document production. Moreover, before reaching a settlement in principle, the parties were scheduled for a pre-motion conference before Judge Reznik for Plaintiff's motion for leave to amend the complaint as the parties did not consent to all proposed changes and all amendments require leave of the Court. As such, this matter would have required further legal briefing and motion practice.

Defendants maintain that Plaintiff was at all times paid properly for all hours worked. Plaintiff's position, on the other hand, is that Defendants did not compensate him properly for all of his hours worked at the prevailing New York State minimum wage rate and at time-and-a-half for all of his overtime hours worked. Based on some of the documents already produced in this matter, at least some liability is apparent on the records.

Nonetheless, both sides face serious litigation risks relating to damages and liability, including establishing Plaintiff's actual hours worked. While Plaintiff is confident that he would ultimately be able to establish liability, this would require significant time and prolonged litigation, including extensive testimony to determine the number of hours worked by Plaintiff, as well as Plaintiff's pay rates throughout his employment.

Here, where Defendants are willing to settle for 74% of Plaintiff's alleged unpaid wages, calculated based on the net settlement amount, Plaintiff bears a high risk that his recovery would be significantly reduced. As the parties are settling prior to full document production, any further document production may demonstrate that Plaintiff worked fewer hours than alleged, which would reduce his alleged damages. Moreover, approximately $26,592.13 of the alleged damages represent liquidated damages. As Defendants have asserted that they acted in good faith, if a fact finder agrees, Plaintiff's best-case scenario would be reduced from $66,334.25 to $39,742.12. *See* Dkt. No. 35, at *7 (stating that "[a] fact-finder could agree that Defendant acted in good faith and thus reduce Plaintiff's best-case scenario recovery by roughly half"), citing *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 38 (2d Cir. 1995)(reversing findings of willfulness and remanding for redetermination of damages). On this basis, the net settlement of $19,732.00, would represent a near 50% recovery, without protracted litigation.

For the foregoing reasons, the Parties believe that the settlement amount is fair and reasonable. Plaintiff is able to obtain a significant recovery of his alleged damages without the burden of further litigation and trial. While Defendants deny the allegations in the Complaint, as the Parties are still in the discovery stages of litigation, without having completed full, formal discovery and depositions, Defendants believe that the settlement is fair and reasonable so as to avoid the anticipated burden and expense of further discovery and the fee-shifting nature of FLSA cases.

    c. <u>Arm's-Length Bargaining and Lack of Fraud or Collusion</u>

The fourth and fifth factors also weigh in favor of approval and in the first initial application for judicial approval of the settlement agreement, "the Court [was also] satisfied it was negotiated in good faith at arm's length and that there was no fraud or collusion". Dkt. No. 35, at *6. The settlement was reached over the course of several weeks of negotiations. Furthermore, both counsel have significant experience with wage and hour claims. There is also clearly a lack of fraud or collusion as the net settlement amount represents 74% of Plaintiff's alleged unpaid wages.

    d. <u>Release Provision</u>

With regards to the release provision, the Court should approve the settlement as the Settlement Agreement's release provision has been revised to the same release that was approved by Your Honor in *Farez*. 2023 U.S. Dist. LEXIS 227701, at *11-13, Case No. 7:21 Civ. 8205. There is also no clause that would prevent Plaintiff from discussing the settlement of his FLSA and NYLL claims or from making truthful statements regarding his employment. Here, the Settlement Agreement does not contain a confidentiality provision and its release provision is narrowly tailored to only release wage-and-hour claims that were raised in the lawsuit. *See* **Exhibit A**; *see also Cheeks*, 796 F.3d at 206; *Gurung v. White Way Threading LLC,* 226 F. Supp. 3d 226, 228 (S.D.N.Y. Dec. 8, 2016). As the releases in the Settlement Agreement are limited to the claims in the existing lawsuit, the Court should approve the FLSA settlement. *Lazaro-Garcia v. Sengupta*

4

*Food Servs.*, 2015 U.S. Dist. LEXIS 167991, at *6 (S.D.N.Y. Dec. 15, 2015)("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action").

Lastly, as will be discussed below, Plaintiff's counsel's requested attorneys' fees are not excessive as they only seek one-third of the settlement, which is typical of FLSA cases. Based on the foregoing, there is no evidence of fraud or collusion. Therefore, Plaintiff respectfully requests that the Court find that the Agreement is a "fair and reasonable" compromise of her FLSA claims against Defendants and approve the settlement.

## THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

Plaintiff further seeks approval of attorneys' fees. In accordance with Plaintiff's contingency-fee basis retainer agreement with Plaintiff's counsel, the Agreement provides that Plaintiff's counsel will recover $10,268.00, equaling (i) $402.00 in reimbursement of costs (i.e., ECF filing fee) and (ii) $9,866.00 for attorneys' fees, which is one-third of the $30,000.00 settlement amount after deduction of the $402.00 in costs. *See* **Exhibit A**. The amount requested for attorneys' fees is fair and reasonable as it was the fee agreed upon by Plaintiff in his retainer agreement, and a contingency fee of one-third is sufficient to account for the risks associated with representation. Moreover, Your Honor also indicated that "courts may elect to award fees by considering either the lodestar method . . . or the percentage method—a percentage of the total amount recovered by the plaintiffs—'[t]he trend in [the Second] Circuit is toward the percentage method.'" Dkt. No. 35, at *8, quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

Therefore, Plaintiff's counsel's request for attorneys' fees in the amount of one-third of the settlement amount is fair and reasonable since "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, at *5 (S.D.N.Y. Dec. 14, 2015); *see also Ramirez v. Greenside Corp.*, No. 16 Civ. 726, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. Mar. 3, 2017) (stating "contingency fees of one-third in FLSA cases are routinely approved in this Circuit"); *Leon v. Univ. 45 Fruit & Vegetable Corp.*, No. 19 Civ. 8266, 2020 U.S. Dist. LEXIS 48716, at *5 (S.D.N.Y. Mar. 20, 2020) (finding the amount of the fee award reasonable where "the attorneys' fees amount is approximately 33% of the [ ] settlement amount after costs").

Notwithstanding the foregoing, even on a lodestar basis, Plaintiff's counsel's attorneys' fees and costs are fair and reasonable and should be approved by the Court as Plaintiff's counsel's lodestar far exceeds the one-third percentage recovery. Plaintiff's counsel has worked without any compensation to date, and Plaintiff's counsel's fees have been wholly contingent upon the result achieved. For the prior application for judicial approval, Plaintiff's counsel submitted records for spending approximately 54.3 hours investigating, researching, and litigating Plaintiff's claims, and negotiating and executing the settlement, for a lodestar of $21,720.00. Since then, Plaintiff's counsel has worked an additional 4.3 hours in revising the fairness submission, for a total of 58.6 hours, for a lodestar of $23,440.00. *See* **Exhibit C** for Plaintiff's counsel's updated contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done, and an itemization of costs. *See Wolinsky*, 900 F. Supp. at 336.

5

\*      \*      \*

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the attached Settlement Agreement and dismiss the above-referenced matter with prejudice.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ Clara Lam*
Clara Lam, Esq.
clam@bkllawyers.com

cc:   all parties via ECF