UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL BURGOS,

                *Plaintiff*,

v.

JAJ CONTRACT FURNITURE INC., *and*
JAMONE COUNCIL,

                *Defendants*.

No. 23-CV-3739 (KMK)

OPINION & ORDER

Appearances:

Clara Lam, Esq.
Brown Kwon & Lam, LLP
New York, NY
*Counsel for Plaintiff*

Mathew Paulose, Jr., Esq.
Paulose & Associates PLLC
Bronxville, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      Plaintiff Miguel Burgos, on behalf of himself and similarly situated employees, brought this Action against Defendants JAJ Contract Furniture Inc., and its owner, Jamone Council, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (the "FLSA"), and the New York Labor Law, §§ 190 et seq., §§ 650 et seq. (*See generally* Compl. (Dkt. No. 1).) Before the Court is the Parties' Second Motion for Settlement Approval. For the following reasons, the Motion is granted.

I.  Background

The Court assumes the Parties' familiarity with the alleged facts of the Action, as described in detail in the Court's prior Order.  (*See* Order (Dkt. No. 35) 2–3.)

II.  Discussion

A.  Standard of Review

Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is made "[s]ubject to . . . any applicable federal statute."  "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The Second Circuit has held the FLSA is an "applicable federal statute," such that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect."  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).  Therefore, the Court must be satisfied the parties' agreement is "fair and reasonable."  *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (same).

In deciding the fairness of a settlement, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

Although the Court must consider the totality of circumstances, the most significant factors are:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); *see also Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); Garcia v. Jambox, Inc., No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same).

Certain other factors weigh against finding the proposed settlement fair and reasonable, which include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA noncompliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336; *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same).

This decision "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Personal Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (citation and quotation marks omitted). To this end, courts require information regarding:

3

> the nature of [the] plaintiffs' claims, ... the litigation and negotiation process, the employers' potential exposure ... to [the] plaintiffs ..., the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award.

*Id.* (first alteration in original) (quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

B.  Application

In its prior Order, the Court concluded that it could not approve the proposed settlement agreement only because its release provision was impermissibly broad.  (*See* Order 9–11.)  With respect to the other relevant factors, the Court found the proposed settlement agreement reasonable.  (*See id.* 5–9.)

In the FLSA context, courts will not approve settlement containing overly broad release provisions.  *See Cheeks*, 796 F.3d at 206.  The original release provision released Defendants from "wage-related . . . liabilities of any kind, whether known or unknown, asserted or unasserted, that Plaintiff ever had, now has or hereafter may have against Defendants . . . ."  (*See* Dkt. No. 33-1 ¶ 6.)  Release provisions must generally be limited to wage and hour issues, *see Cheeks*, 796 F.3d at 206, and "may include claims not presented and even those which could not have been presented, but only when the released conduct arises out of the identical factual predicate as the settled conduct," *Nights of Cabiria*, 96 F. Supp. 3d at 181 (citation and quotation marks omitted).

In contrast, the revised release provision releases Defendants from "from all or any manner of actions, causes and causes of action, claims and demands . . . *which were alleged in the Complaint filed in the action* . . . ."  (*See* Dkt. No. 36-1 ¶ 6 (emphasis added).)  The revised release provision's language "expressly limits the release provision to the claims at issue in this Action, which is what is called for under the caselaw." *Khan v. Yonkers Auto Ctr., Inc.*, No. 19-

4

CV-5581, 2022 WL 2866459, at *4 (S.D.N.Y. July 21, 2022); *see also Salami v. B S D Food LLC*, No. 21-CV-02704, 2022 WL 671980, at *6 (S.D.N.Y. Mar. 7, 2022) (noting that "under the Second Circuit's precedent, any release provision must be limited to the claims at issue in th[e] action.") (quotation marks omitted)); *Lazaro-Garcia*, 2015 WL 9162701, at *2 (reciting the same principle); *Nights of Cabiria*, 96 F. Supp. 3d at 181 (holding that release must be limited to "conduct [that] arises out of the identical factual predicate as the settled conduct").

Thus, the Court finds that this release provision is appropriately narrow. *See Farez v. JGR Servs., Inc.*, No. 21-CV-8005, 2023 WL 8827576, at *4–5 (S.D.N.Y. Dec. 21, 2023) (approving a virtually identical release provision); *Pucciarelli v. Lakeview Cars, Inc.*, No. 16-CV-4751, 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017) (approving release that, "while broad, . . . relates specifically to wage and hour issues without encompassing, for example, prospective discrimination claims"); *Perez v. Ultra Shine Car Wash, Inc.*, No. 20-CV-782, 2022 WL 2129053, at *4–5 (S.D.N.Y. June 14, 2022) (approving release that was "limited solely and only to wage and hour claims that have arisen on, or prior to, the date th[e] [a]greement [was] executed").

With the prior concern about the release provision resolved, the Court sees no other reason why the settlement should not be approved. The *Wolinsky* factors collectively weigh in favor of settlement, *see Wolinsky*, 900 F. Supp. 2d at 335–36, and allowing the Parties to settle would afford them certainty, finality, and resolution of their dispute without the attendant risks and delay inherent in litigation generally, *see, e.g.*, *Zamora*, 2016 WL 1366653, at *1 (approving FLSA settlement where it would "allow the parties to avoid the costs associated with continued litigation" and "would provide certainty whereas continued litigation would carry significant risks").

5

<u>III.  Conclusion</u>

For the reasons set forth above, the Parties' Motion is granted and settlement is approved.

SO ORDERED.

Dated: November 25, 2024
       White Plains, New York

KENNETH M. KARAS
United States District Judge